# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**WANDA LOPEZ,**

       **Plaintiff,**

**v.**                                                         Case No: 6:18-cv-214-Orl-28DCI

**QDI 1 LLC,**

       **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:**    **JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AGREEMENT (Doc. 15)**
>
> **FILED:**      **April 18, 2018**
>
> ___
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part**.

### I.    BACKGROUND

On February 12, 2018, Plaintiff filed a Complaint against Defendant alleging a cause of action for an alleged violation of the overtime and minimum wage provisions of the Fair Labor Standards Act (the FLSA). Doc. 1. On March 12, 2018, Defendant answered Plaintiff's Complaint. Docs. 10. The Court entered an FLSA Scheduling Order on March 14, 2018. Doc. 12.

On April 18, 2018, the parties filed a joint motion to approve settlement (the Motion), to which the parties attached their proposed settlement agreement (the Agreement). Doc. 15. The

Agreement provides that Defendant will pay Plaintiff $7,748.00 to settle her FLSA claims: $1,624.00 in unpaid wages, $1,624.00 in liquidated damages, and $4,500.00 in attorney fees. *Id*. at 2, 7. The parties request that the Court review and approve the Agreement, and dismiss this case with prejudice. *Id*. at 1-3.

## II. LAW

The settlement of a claim for unpaid minimum or overtime wages under the FLSA may become enforceable by obtaining the Court's approval of the settlement agreement.[1] *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). The Court, before giving its approval, must scrutinize the settlement agreement to determine whether it is a fair and reasonable resolution of a bona fide dispute of plaintiff's FLSA claims. *See id*. at 1353-55. In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The state of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute. *See Lynn's Food Stores*, 679 F.2d at 1354. There is a strong presumption in favor of settlement. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

---

[1] The settlement of a claim for unpaid minimum or overtime wages under the FLSA may also become enforceable by having the Secretary of Labor supervise the payment of unpaid wages. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

The Court, in addition to the foregoing factors, must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).[3] The parties may demonstrate the reasonableness of the attorney fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

### III. ANALYSIS

**A. Settlement Amount.**

The parties were represented by experienced counsel in this litigation, which involved disputed issues of liability under the FLSA. *See* Docs. 1; 10; 15 at 4-5. In their Motion, the parties represented the following: counsel for the parties thoroughly reviewed and examined the relevant employment documents; the parties would like to avoid the cost and uncertainty associated with continued litigation; and the Agreement is a fair and reasonable resolution based upon all available evidence. Doc. 15 at 1-5.

Based upon the foregoing, the undersigned finds that $3,248.00 is a fair and reasonable settlement amount in this case.[4] Accordingly, it is **RECOMMENDED** that the Court find the amount of the parties' settlement to be fair and reasonable.

---

[3] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

[4] These figures do not include the amount Defendant will pay to Plaintiff in attorney fees and costs, which is discussed *infra* at Section III.C.

### B. The Terms of the Agreement.

Paragraph E of the Agreement provides as follows:

> Notwithstanding the above, solely in order to avoid the cost, delay and uncertainty of further disputes, the Parties desire to compromise and settle all dispute and claims which exist or which may exist between and among them arising out of the facts, matters, and events set forth in the Action *and otherwise as a result of the employment relationship*, without admitting any liability.

Doc. 15 at 7 (emphasis added). The undersigned finds that the italicized language – "*and otherwise as a result of the employment relationship*" – is overbroad and susceptible to an interpretation foreclosing Plaintiff from bringing causes of action wholly unrelated to unpaid wage claims. Therefore, the undersigned finds that the inclusion of the italicized language contained in paragraph E fails judicial scrutiny. *See Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010) ("A compromise of an FLSA claim that contains a pervasive release of unknown claims fails judicial scrutiny."). The remaining terms in the Agreement do not affect the overall reasonableness of the settlement, as the Agreement does not contain a confidentiality provision, non-disparagement clause, or other potentially problematic contractual provision sometimes found in proposed FLSA settlement agreements.

Accordingly, it is **RECOMMENDED** that the Court strike the italicized language from paragraph E of the Agreement,[5] and otherwise find that the terms of the Agreement do not affect the reasonableness of the settlement.

---

[5] The Agreement contains a severability provision that provides as follows: "If any of the provisions of this Agreement are held to be unenforceable or invalid by any court of competent jurisdiction, the validity and enforceability of the remaining provisions shall not be affected thereby." Doc. 15 at 8.

### C. Attorney Fees and Costs.

Pursuant to the Agreement, Plaintiff's counsel will receive a total of $4,500.00 as attorney fees and costs. Doc. 15 at 7. The parties represented that the attorney fees and costs were negotiated separately and without regard to the amounts paid to Plaintiff. *Id*. at 2. The settlement is reasonable to the extent previously discussed, and the parties' foregoing representation adequately establishes that the issue of attorney fees and costs was agreed upon separately and without regard to the amount paid to Plaintiff. *See Bonetti*, 715 F. Supp. 2d at 1228. Accordingly, pursuant to *Bonetti*, it is **RECOMMENDED** that the Court find the amount of the attorney fees and costs to be fair and reasonable.

### IV. CONCLUSION

Accordingly, it is **RECOMMENDED** that the Motion (Doc. 15) be **GRANTED in part** as follows:

1. The following language be **STRICKEN** from Paragraph E of the Agreement (Doc. 15 at 6-10): "*and otherwise as a result of the employment relationship*";
2. The Agreement (Doc. 15 at 6-10) otherwise be found to be a fair and reasonable settlement of Plaintiff's FLSA claims;
3. The case be **DISMISSED with prejudice**; and
4. The Clerk be directed to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R.

3-1. **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection in order to expedite the final disposition of this case.**

    Recommended in Orlando, Florida on May 7, 2018.

                                          DANIEL C. IRICK
                                          UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy